**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| EDDIE JAMES BURTON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 4:08-CV-28 (CDL) |
| | : | 42 U.S.C. § 1983 |
| MUSCOGEE COUNTY JAIL and | : | |
| MEDICAL DEPARTMENT STAFF, | : | |
| Muscogee County Jail, | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss filed by Defendants Muscogee County Jail and the Medical Department Staff of the Muscogee County Jail, on June 13, 2008. (R-18, 19). The Plaintiff was notified of his right to respond, and did so on July 9, 2008. (R-23).

## LEGAL STANDARDS FOR MOTION TO DISMISS

The standard for a Motion to Dismiss was altered by the United State Supreme Court case of *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). The decision in *Bell Atlantic* overturned the fifty year old test of "no set of facts" established in *Conley v. Gibson*, 127 S.Ct. 1969 (1957); in so holding, the Supreme Court characterized that test as an "observation [that] has earned its retirement." *Bell Atlantic*, 127 S.Ct. at 1969. The Court of Appeals for the Eleventh Circuit addressed the new standard in *Financial Sec. Assur., Inc. V. Stephens, Inc.*, stating:

> In order for a plaintiff to satisfy his "obligation to provide the grounds of entitlement to relief," he must allege more than "labels and conclusions"; his complaint must include "[f]actual

> allegations [adequate] to raise a right to relief above the speculative level." *Bell Atlantic Corp. V. Twombly*, 127 S.Ct. 1955, 1964-65, 167 L.Ed. 2d 929 (May 21, 2007) (citations and quotations omitted). Stated differently, the factual allegations in a complaint must "possess enough heft" to set forth "a plausible entitlement to relief," 127 S.Ct. at 1966-67. Moreover, "while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of the claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir., Unit A Sept. 8, 1981).

500 F.3d 1276, 1282-83 (11th Cir. 2007). In ruling on a motion to dismiss for failure to state a claim, the analysis "is limited primarily to the face of the complaint and attachments thereto." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1368 (11th Cir. 1997). The Court must "constru[e] the complaint in the light most favorable to the plaintiff and accept [] as true all facts which the plaintiff alleges." *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005). Nevertheless, if a complaint does not include sufficient factual allegations "to raise a right of relief above the speculative level" and "to raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claim or claims, then the complaint must be dismissed. *Watts v. Fla. Int'l Univ,* 495 F.3d 1289, 1295-96 (11th Cir. 2007); citing *Bell Atlantic Corp.*, 127 S.Ct. at 1965.

## DISCUSSION

On March 18, 2008, Plaintiff filed this 42 U.S.C. § 1983 suit claiming that he had

been prescribed the wrong medication by the medical staff from October 18, 2007, to January 17, 2008, for his H.I.V. (R-1). Plaintiff does not state what the medication prescribed was or state what he believes should have been prescribed, but alleges that the medication caused him "weakness, weight loss, [severe] fever, [diarrhea], depression, and psychological fears." *Id.* Plaintiff also asserts that once they "got [his] medications right," he was then denied medication once or twice a week. *Id.* Plaintiff alleges that the denial of these medications caused him weight loss, stress, deep depression, stomach pain, dry skin, skin rashes, psychological problems, vomiting, an inability to keep food down, and a rash in his mouth. *Id.* In his complaint, Plaintiff seeks twenty million dollars. *Id.* In their Motion to Dismiss, Defendants contend that Plaintiff's complaint should be dismissed because neither the Muscogee County Jail, nor the Medical Department of the Muscogee County Jail are legal entities capable of being sued. (R-18, 19).

## Defendants Not Legal Entities Subject to Suit

As stated previously, a successful § 1983 action requires that the plaintiff show he was deprived of a federal right by a person acting under color of state law. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (citing *Flagg Brothers, Inc v. Brooks*, 436 U.S. 149, 155-56, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). Defendants Muscogee County Jail and Medical Department Staff of the Muscogee County Jail are not "persons" within the meaning of 42 U.S.C. §1983. In a 1992 decision, *Dean v. Barber,* the Eleventh Circuit held that a proper claim under § 1983 requires the Plaintiff to file suit against a "person"or entity capable of being sued. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). *See also*

3

*Miller v. King*, 384 F.3d 1248, 1259-60 (11th Cir. 2004). While "Sheriff's departments and police departments are not usually considered legal entities subject to suit . . . capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *Dean v. Barber*, 951 F.2d at 1214-1215. Georgia only "recognizes three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue," such as a partnership. *Georgia Insurers Insolvency Pool v. Elbert County*, 258 Ga. 317, 318, 368 S.E.2d 500 (1988); *citing Cravey v. Southeastern Underwriters Association*, 214 Ga. 450, 453, 105 S.E. 2d 497 (1958). If a named defendant or plaintiff is neither a natural person, a corporation, nor a partnership, the suit is improper. *Smith v. Commissioners of Roads and Revenue of Glynn County,* 198 Ga. 322, 324, 31 S.E.2d 648, 649 (1944). The Georgia Supreme Court has held that this type of defect is not amendable. *Id.; see also, Board of Road and Revenue Commissioners of Candler County v. Collins,* 94 Ga. App. 562, 95 S.E.2d 758, 759 (1956).

Just as in *Board of Road and Revenue Commissioners of Candler County v. Collins,* cited *supra,* in *Smith v. Commissioners of Roads and Revenue of Glynn County,* the Court found that the Board of Roads and Revenue of the county was not a proper party as it was not a natural person, a corporation or a partnership. The Court, therefore, dismissed the plaintiff's suit. Similarly, the Muscogee County Jail and Medical Department Staff of the Muscogee County Jail, as named in the Plaintiff's lawsuit, are not natural persons, artificial persons, nor quasi artificial persons. Therefore, it is recommended that the Defendants be dismissed as to all claims.

WHEREFORE, IT IS HEREBY RECOMMENDED that the Motion to Dismiss filed on behalf of Defendants Muscogee County Jail and Medical Department Staff of the Muscogee County Jail be GRANTED and Plaintiff's action should be dismissed as to all Defendants. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 11th day of July, 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc